UNITED STATES of America, Plaintiff-Appellee/ Cross-Appellant,

v.

Jose ALFARO-ZAYAS, Defendant-Appellant/ Cross-Appellee.

No. 99-10279

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Dec. 2, 1999.

Appeal from the United States District Court for the Southern District of Florida.(No. 98-06167-CR-DTKH), Daniel T.K. Hurley, Judge.

Before COX, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Jose Alfaro-Zayas appeals his seventy-seven month sentence for illegal re-entry into the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Specifically, he asserts that the district court erred in concluding that it did not have the discretion to depart downward from the recommended sentence as calculated under the United States Sentencing Guidelines.

On December 4, 1998, Alfaro-Zayas pled guilty to re-entry of a deported alien. *See* 8 U.S.C. §§ 1326(a), (b)(2). The Presentence Investigation Report ("PSI") classified his 1992 conviction for transportation/ sale of cocaine base (the "1992 drug conviction") as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and 21 U.S.C. § 802.[1] During the sentencing hearing, the court accepted the 1992 drug conviction as an aggravated felony sufficient to support a sixteen-level increase in the base level of the current offense under U.S.S.G. § 2L1.2(b)(1)(A). Consequently, the court found the total offense level to be twenty-one. The PSI also listed Alfaro-Zayas's prior convictions for assault with a deadly weapon, battery,

---

[1]Neither party disputes that the 1992 drug conviction for transportation/ sale of cocaine base meets the statutory definition of an aggravated felony. Alfaro-Zayas was sentenced to sixteen months in prison for the 1992 drug conviction.

automobile burglary, as well as an earlier conviction re-entry of a deported alien and accorded him a total of eighteen criminal history points, placing Alfaro-Zayas in Category VI.

During the sentencing hearing, Alfaro-Zayas's counsel made an oral motion requesting that the court reconsider the 1992 drug conviction and make a downward departure in the offense level because it overstated the seriousness of his criminal conduct. Defense counsel explained that Alfaro-Zayas's conduct underlying the 1992 drug conviction and his classification as an aggravated felon was a twenty-dollar sale of cocaine base. He argued that the court had the authority to grant his motion and make a downward departure under U.S.S.G. § 4A1.3 (1998).[2]

The district court denied the motion to depart downward because it found that § 4A1.3 was inapplicable. The court further concluded that it did not have the discretion to depart downward from the Sentencing Guidelines because to do so would "effectively just cross[ ] out a prior conviction," R2-32, and require the court to "simply cast[ ] the sentencing guidelines aside." *Id.* at 30. Alfaro-Zayas appeals the court's conclusion that it had no discretion to depart downward given his status as an aggravated felon.

Generally, "decisions by a district court not to depart downward from the prescribed sentencing guidelines range" are not reviewable on appeal. *United States v. Rudisill,* 187 F.3d 1260, 1265 (11th Cir.1999). "Such decisions are reviewable, however, if the district court denies the downward departure because of an erroneous belief that the court lacked the authority to make such a departure." *Id.*

Alfaro-Zayas urges this court to extend our reasoning in *United States v. Webb,* 139 F.3d 1390 (11th Cir.1998), to find that a sentencing court has the authority to depart downward pursuant to § 4A1.3 when the sentence has been increased under § 2L1.2(b)(1)(A)[3] because the defendant was previously convicted of an

---

[2]The policy statement to § 4A1.3 provides that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3, p.s.

[3]Section 2L1.2 provides a base offense level of eight for the crime unlawfully entering and remaining in the United States. Subpart (b)(1)(A) further provides that "[i]f the defendant previously was deported after

aggravated felony. In *Webb,* we held that "given the appropriate factual determinations," 139 F.3d at 1396, ... § 4A1.3 does authorize a sentencing court to downward depart "regardless of a defendant's status as a career offender under § 4B1.1," *id.* at 1395. The reasoning in *Webb* does not support the conclusion that § 4A1.3 authorizes downward departure by the sentencing court when the defendant has been classified as an aggravated felon under § 2L1.2(b)(1)(A).

Although §§ 4A1.3 and 2L1.2(b)(1)(A) both deal with a defendant's past criminal acts, they do so for different purposes. Chapter Four of the Sentencing Guidelines designates the criminal history category, while Chapter Two defines offense conduct.[4] Section 4A1.3 provides for horizontal departure to a different criminal history category when the sentencing court determines that the defendant's "*criminal history category* does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3, p.s. (emphasis added). In this case, Alfaro-Zayas does not argue that his criminal history category is not reflective of his past conduct. Instead, Alfaro-Zayas suggests that his underlying conviction for possession/ transportation of cocaine should not be considered an aggravated felony under § 2L1.2(b)(1)(A). In the past, we have only applied § 4A1.3 "to a pattern of criminal conduct, not to an individual crime" as Alfaro-Zayas suggests we do here. *United States v. Phillips,* 120 F.3d 227, 232 (11th Cir.1997).

---

a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction [and the conviction was for an aggravated felony], increase [the base offense level] ... by 16 levels."

[4]"Under the Guidelines, every sentence is determined by a combination of an offense- and an offender-based component.... The sentencing table indicates the sentence ranges for possible combinations of offense- and offender-based components, with the horizontal axis reflecting the offender's criminal history and the vertical axis reflecting the appropriate offense level." *United States v. Mogel,* 956 F.2d 1555, 1558 (11th Cir.1992).

Deviation from the offense levels assigned in § 2L1.2 requires the sentencing court to progress along the vertical axis of the sentencing table to a different offense level.[5] "This court has distinguished between 'horizontal' and 'vertical' departures." *United States v. Melvin,* 187 F.3d 1316, 1323 n. 3 (11th Cir.1999). Section 4A1.3 provides the sentencing court the discretion to move along the horizontal axis of the sentencing table when it believes the criminal history category assigned by the Sentencing Guidelines is not appropriate; however, this section does not authorize the sentencing court to adjust the offense level when the court finds that the underlying conduct does not support the assigned offense level.[6] Thus, the district court correctly concluded that § 4A1.3 was not applicable to Alfaro-Zayas's motion that the court depart downward because his 1992 drug conviction should not be considered an aggravated felony under § 2L1.2(b)(1)(A).

While not empowered under § 4A1.3, the district court did have the authority under § 2L1.2 to evaluate the aggravated felony which triggered the increase in Alfaro-Zayas's offense level and to depart downward if the seriousness of the underlying aggravated felony warranted such a departure. *See* U.S.S.G. § 2L1.2, comment. (n. 5) (hereinafter "application note five"). Specifically, application note five provides:

> Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

---

[5]U.S.S.G., Chapter Two assigns "varying offense level adjustments to circumstances that differentiate two instances of a nominally identical offense in the eyes of the relevant penological goals, retribution and general deterrence." *Mogel,* 956 F.2d at 1559. The enhancement provided for under § 2L1.2(b)(1)(A) is consistent with 8 U.S.C. § 1326 which provides an increased maximum sentence for unlawful re-entry of a deported felon where the reason for the prior deportation was the alien's conviction of an aggravated felony. This suggests a "Congressional judgement" that "the severity of the crime of reentry depends on the reasons for the initial deportation," *United States v. Campbell,* 967 F.2d 20, 24 (2d Cir.1992), and "the prior conviction is a critical part of what makes the current reentry wrongful." *Id.* at 25.

[6]Section 4A1.3 does authorize vertical departures when the sentencing court reaches the highest criminal history category and still finds that the category does not adequately reflect the seriousness of the defendant's previous conduct. At that point, the court may depart by moving vertically along the chart to a higher offense level, thereby yielding a longer imprisonment range. *See United States v. Taylor,* 88 F.3d 938, 947-948 (11th Cir.1996).

**4**

*Id.* This comment explains that, when the sentencing court finds the delineated factors within a case, that case may not be within the "heartland" of the Sentencing Guidelines and the court may consider whether departure is warranted. *See* 1998 U.S.S.G. Ch. 1, Pt. A., intro. comment (4(b)); *see also Koon v. United States,* 518 U.S. 81, 92, 116 S.Ct. 2035, 2044, 135 L.Ed.2d 392. 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Further, application note five suggests that, when the three factors identified are all present in a given case, that case is more apt to be atypical and the sentencing court is encouraged to make a downward departure based on those features. *Koon,* 518 U.S. at 94, 116 S.Ct. at 2045; *see also United States v. Diaz-Diaz,* 135 F.3d 572, 581 (8th Cir.1998) (finding that application note five made "the 'seriousness of the aggravated felony' ... an encouraged factor upon which a departure may be based").

All the elements of application note five are not present in Alfaro-Zayas's case. While we cannot operate as factfinders, it is evident from the record that Alfaro-Zayas has been convicted of more than one felony. *See* PSI at pp. 5-9. These prior convictions remove Alfaro-Zayas's case from the realm for which departures are encouraged by application note five without any further inquiry into the seriousness of the predicate felony conviction. *See United States v. Chavez-Valenzuela,* 170 F.3d 1038 (10th Cir.1999) (finding § 2L1.2, comment. (n. 5) inapplicable to a motion for downward departure when one of the three stated elements is not present).

While Alfaro-Zayas's case does not present the combination of factors upon which the Sentencing Commission has encouraged departure, Alfaro-Zayas requested that the court consider the amount of the drugs involved in his 1992 drug conviction as a basis for departure. The amount of drugs involved in a drug conviction is not a factor the Sentencing Commission has prohibited or discouraged a sentencing court from considering when determining whether to depart from the recommended sentence. "A sentencing court may depart on the basis of a factor not addressed by the Sentencing Commission if the court determines that the factor takes the case out of the Guideline's heartland after considering the 'structure and theory of both the

**5**

relevant individual guidelines and the Guidelines taken as a whole.' " *Melvin,* 187 F.3d at 1321 (quoting *Koon,* 518 U.S. at 109, 116 S.Ct. at 2035).

Therefore, the district court could have departed downward if, after engaging in the analysis required by *Koon,* it found circumstances that removed Alfaro-Zayas's case from the heartland of the Sentencing Guidelines. *See United States v. Sanchez-Rodriguez,* 161 F.3d 556, 563 (9th Cir.1998) (en banc) (concluding that, under the *Koon* analysis, the district court may consider the nature of the aggravated felony when deciding whether to depart downward from the Guideline's sentencing range).[7] *See also United States v. Robles-Medina,* No. 98-4172 (10th Cir. June 23, 1999) (finding that, under *Koon* and U.S.S.G. § 2L1.2(b)(1)(B), "the seriousness of the 'aggravated felony' may be a valid basis for downward departure.")[8]. A sentencing court determines whether a case falls outside the heartland of the Sentencing Guidelines by carefully assessing the facts of the case and "comparing those facts to the facts of other cases falling within the guideline's heartland." *United States v. Hoffer,* 129 F.3d 1196, 1200 (11th Cir.1997) In this circuit, a sentencing court "must articulate the specific mitigating circumstances upon which it relies and the reasons why these circumstances take a case out of the guidelines' heartland." *United States v. Tomono,* 143 F.3d

---

[7]Alfaro-Zayas urged the district court to consider the small amount of cocaine involved in his 1992 drug conviction as a basis for justifying a downward departure in his sentence. The government argued that the district court was prohibited from considering the quantum of drugs involved in the predicate aggravated felony by our decision in *United States v. Rucker,* 171 F.3d 1359 (11th Cir.1999) (distinguishing *Sanchez-Rodriguez* and holding that a sentencing court may not depart downward from the USSG § 4B1.4 Armed Career Criminal Guideline based upon its conclusion that, although the defendant's prior convictions fell within the statutory definition of serious drug offenses, they involved only small amounts of drugs and therefore were minor). We note that, while our decision in *Rucker* is informative to this case, it is not despositive. The analysis required by *Koon* necessitates that the structure and theory of the "relevant individual guideline" be considered to determine whether a particular circumstance takes the case out of the Sentencing Guidelines' heartland. *Koon,* 518 U.S. at 96, 116 S.Ct. at 2045. Alfaro-Zayas was sentenced under sentencing guideline § 2L1.2 while *Rucker* involved § 4B1.4. We further note that, in other contexts, we have held that the Sentencing Guidelines do not preclude a district court from considering the amount of drugs as a factor. *See e.g., United States v. De Varon,* 175 F.3d 930, 943 (11th Cir.1999) (en banc) (finding that the Sentencing Guidelines are not "intended to preclude a district court from considering the amount of drugs as a factor in the context of minor participants").

[8]*Robles-Medina* is an unpublished opinion cited solely for its persuasive value pursuant to the terms and conditions of 10th Cir. R. 36.3.

**6**

1401, 1403 (11th Cir.1998) (per curiam).  "Moreover, the court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be highly infrequent." *United States v. Steele,* 178 F.3d 1230, 1238 (11th Cir.1999) (internal quotations and citations omitted), cert. denied, --- U.S. ----, 120 S.Ct. 335, --- L.Ed.2d ---- (1999).

Here, the district court made no findings of any circumstances that remove Alfaro-Zayas's case from the heartland of § 2L1.2(b)(1)(A).  Instead, the court expressed its frustration with the sentence called for by the guidelines:

> Now, my personal view of that is that that is madness....
>
> I just think it makes very good sense that before people are required to spend these tremendous periods in jail that there be some reasonable period in jail in an effort to deter that conduct....
>
> I don't understand any principled way that I can depart downward other than sort of a gut feeling that, yes, this sounds like a terribly harsh sentence and I ought to disregard what seem to be the predicates.
>
> I don't think I can do that ... short of simply casting the sentencing guidelines aside.  So I am going to deny the motion to depart downward.

R2-27, 29—30.  We have recognized that "[d]isagreement with the policy choices underlying the Sentencing Guidelines and sentencing statutes is not a ground for downward departure." *United States v. Gilbert,* 138 F.3d 1371, 1373 (11th Cir.1998) (per curiam), cert. denied, --- U.S. ----, 119 S.Ct. 1754, 143 L.Ed.2d 787 (1999).

Although there were several potential bases which authorize the district court to depart downward from the sentence calculated for Alfaro-Zayas under § 2L1.2(b)(1)(A), we agree with the district court that none of these bases were applicable to this case.  The district court reviewed the facts of Alfaro-Zayas's case and made no findings suggesting that it fell outside the heartland of § 2L1.2(b)(1)(A).  Thus, the district court was left only with a policy-based objection to the recommended sentence.  The district court correctly noted that its disagreement with the policy under which Alfaro-Zayas's sentence was calculated did not provide it with authority to depart downward.  Accordingly, the sentence as imposed by district court is AFFIRMED.

**7**