**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Samuel SANCHEZ–SANCHEZ,**
**Defendant–Appellant.**

**No. 00–5858.**

United States Court of Appeals,
Sixth Circuit.

Nov. 13, 2001.

Before KEITH, SUHRHEINRICH, and
CLAY, Circuit Judges.

PER CURIAM.

Defendant Jose Samuel Sanchez–Sanchez, a citizen of Mexico, appeals his sentence following his guilty plea to illegal reentry by a deported alien. He received a 16–level enhancement under U.S.S.G. § 2L1.2 because he had committed an aggravated felony before his deportation. He requested a downward departure, arguing that his aggravated felony was minor. The district court denied his request because he did not qualify for the departure under the relevant sentencing guideline. Defendant argues on appeal that the district court erroneously thought that it did not have discretion to depart.

In 1986, Defendant attempted to enter the United States by using false documentation of his citizenship. Defendant was arrested, convicted, and sentenced to six months incarceration, which was suspended, followed by five years of probation.

In 1988, Defendant was caught transporting 183 pounds of marijuana. He was convicted of aggravated possession of marijuana and sentenced to ten years of incarceration. In 1990, Defendant was caught transporting 300 pounds of marijuana. He was convicted of possession with intent to distribute marijuana, contrary to 21 U.S.C. § 841(a)(1) and sentenced to 77 months incarceration. On September 26, 1996, Defendant was deported to Mexico.

On December 19, 1999, Defendant returned to the United States by using false documentation of his immigration status. On February 1, 2000, Defendant was stopped for a traffic violation and arrested. On February 17, 2000, he was indicted on one count of illegally reentering the United States after having been convicted of an aggravated felony contrary to 8 U.S.C. § 1326. On March 24, 2000, Defendant pleaded guilty to the count.

On May 15, 2000, Defendant requested a downward departure from the sentencing guidelines arguing that his aggravated felony conviction for drug trafficking "was a comparatively minor incident" and that a departure was warranted to avoid any unfairness. On June 21, 2000, Defendant was sentenced to 70 months of incarceration followed by three years supervised release. The district court did not depart from the guideline range. On June 22, 2000, Defendant appealed. He raises one issue on appeal.

■■■ Defendant claims that he must be resentenced because the district court did not believe that it had discretion to depart downward from Defendant's sentencing range under the sentencing guidelines.

A district court's discretionary decision not to depart downward from the Guidelines range ordinarily is not appealable. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995); *United States v. Dellinger,* 986 F.2d 1042, 1043–44 (6th Cir.1993). An appeal may be taken, however, when the district court believed that it lacked any authority to depart downward as a matter of law. *United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994). A district court's determination that it lacked authority to depart downward is an interpretation of the Sentencing Guidelines that this Court reviews de novo. *United States v. Thomas,* 49 F.3d 253, 260 (6th Cir.1995); *Landers,* 39 F.3d at 649.

Defendant was convicted of illegally reentering the United States after being deported after committing an aggravated

felony contrary to 8 U.S.C. § 1326. U.S.S.G. § 2L1.2(a) provides a base-offense level of eight for unlawfully entering or remaining in the United States. U.S.S.G. § 2L1.2(b)(1) increases the offense level if the defendant previously was deported after a criminal conviction. U.S.S.G. § 2L1.2(b)(1)(A) provides a sixteen-level increase if the conviction was for an aggravated felony. An aggravated felony includes drug trafficking. 8 U.S.C. § 1101(43)(B). The Sentencing Guidelines and courts recognize that the gravity of such aggravated felonies vary widely and may result in the appearance of unfairness. *United States v. Marquez–Gallegos,* 217 F.3d 1267, 1270 (10th Cir.2000). Application Note 5 to U.S.S.G. § 2L1.2 provides a three-part test to avoid disproportionate sentences where the aggravated felony was relatively minor. It provides:

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

U.S. Sentencing Guidelines Manual § 2L1.2, cmt. (n.5) (1998)

Here, Defendant's criminal history does not satisfy conditions A and C. Defendant was convicted of two felonies and received sentences of more than a year of imprisonment. Therefore, in light of Application Note 5, Defendant is not entitled to a downward departure.

Nevertheless, Defendant claims that even if he does not satisfy the prerequisites for a departure under U.S.S.G. § 2L1.2, he still may be entitled to one under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 because his aggravated felony is outside the "heartland" of felonies contemplated by the Sentencing Guidelines.

Title 18 U.S.C. § 3553(b) requires courts to follow the Sentencing Guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *See also* U.S.S.G. § 5K2.0, Grounds for Departure (Policy Statement). The aggravating or mitigating circumstance must remove the case from the "heartland" of cases subject to the Sentencing Guidelines. *Koon v. United States,* 518 U.S. 81, 93, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In making this determination, "the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b). Application Note 5 to U.S.S.G. § 2L1.2 defines the heartland of aggravated felonies. *Marquez–Gallegos,* 217 F.3d at 1271; *United States v. Tappin,* 205 F.3d 536 (2d Cir.2000).

In *Marquez–Gallegos,* the defendant was convicted of felony possession of a controlled substance and subsequently deported. The defendant returned to the United States and was subsequently indicted on one count of unlawful reentry under 8 U.S.C. § 1326. The defendant's sentence was enhanced under U.S.S.G. § 2L1.2. The defendant was not eligible for a departure under Application Note 5. Nevertheless, the defendant requested a downward departure, arguing that his aggravated felony was not serious. The district court denied the request. *Marquez–Gallegos,* 217 F.3d at 1268. The circuit court affirmed the denial because the case was within the heartland of

§ 2L1.2(b)(1)(A), reasoning: "We are persuaded that the Sentencing Commission, in promulgating Application Note 5, implicitly defined the 'heartland' of cases to be all those not falling within the class delineated therein. Because [the defendant's] case therefore was within the heartland of § 2L1.2(b)(1)(A), we hold that the district court did not err in concluding that it lacked discretion to depart under § 5K2.0."

In *Tappin*, the defendant was convicted of unlawful reentry in violation of 8 U.S.C. § 1326 after having been convicted of an aggravated felony. The defendant did not qualify for a departure under Application Note 5. Nevertheless, the defendant moved for a downward departure arguing that the district court had discretion to depart under *Koon* because the aggravated felony was not serious. *Tappin*, 205 F.3d at 538–39. The district court denied the motion. The Second Circuit affirmed the district court reasoning:

> In enacting Application Note 5, the Sentencing Commission plainly took into account the fact that predicate aggravated felonies in illegal reentry cases "vary widely." U.S.S.G. § 2L1.2 application note 5. The Sentencing Commission stated explicitly that departure on the ground of seriousness of the predicate aggravated felony may be appropriate when a defendant meets all three enumerated criteria in the Note. By necessary implication, therefore, the Sentencing Commission intended that all other cases—including Tappin's, since he had more than one previous felony conviction and therefore did not meet the first enumerated criterion—should be treated as within the heartland of illegal reentry cases under 2L1.2(b)(1)(A), and that downward departures in such cases on the ground of seriousness of the predicate felony would be improper.

*Tappin*, 205 F.3d at 541 (emphasis added). The circuit court also rejected the defendant's argument that a sentencing court should be permitted to depart downward based on the seriousness of the aggravated felony as long as the case is outside the heartland of cases because the Sentencing Guideline already considered the seriousness of the felony in formulating the guidelines, which includes Application Note 5.

Here, Defendant does not qualify for a downward departure under Application Note 5, which essentially established the "heartland" of case for purposes of U.S.S.G. § 2L1.2.

Defendant erroneously relies on three cases for the proposition that a district court may depart downward under U.S.S.G. § 5K2.0 even if the defendant does not satisfy the requirements of Application Note 5. *United States v. Sanchez–Rodriguez*, 161 F.3d 556 (9th Cir.1998), *United States v. Diaz–Diaz*, 135 F.3d 572 (8th Cir.1998), and *United States v. Alfaro–Zayas*, 196 F.3d 1338 (11th Cir.1999). Application Note 5 to U.S.S.G. § 2L1.2 was added November 1, 1997, as part of Amendment 562 to the Sentencing Guidelines. U.S. Sentencing Guidelines Manual App. C (1997). In *Sanchez–Rodriguez* and *Diaz–Diaz*, the sentencing in the district courts occurred before the amendment. The sentencing in *Alfaro–Zayas* was post-amendment, but relied on *Sanchez–Rodriguez*, and therefore should not be followed.

Accordingly, we **AFFIRM** the sentence of the district court.