*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0120P (6th Cir.)
File Name: 02a0120p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

DERRICK TAYLOR,
    *Defendant-Appellant.*

No. 00-3790

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 99-00433—Ann Aldrich, District Judge.

Argued: September 12, 2001

Decided and Filed: April 10, 2002

Before: SILER, CLAY, and GIBSON, Circuit Judges.[*]

———————————

## COUNSEL

**ARGUED:** Dennis G. Terez, Cleveland, Ohio, for Appellant. Edward F. Feran, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Dennis G. Terez, Cleveland, Ohio, for Appellant. Edward F.

———————————————

[*] The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

Feran, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

   JOHN R. GIBSON, Circuit Judge.  Derrick Taylor appeals from the sentence imposed upon him following his plea of guilty to entering or being found in the United States without permission after deportation for a felony, 8 U.S.C. § 1326(b)(1) (2000).  He contends that the district court erred in refusing to depart downward from the Sentencing Guidelines' range to take into account the fact that his previous felonies were not serious ones.  We affirm the sentence imposed by the district court.[1]

   Taylor was convicted twice for drug trafficking, once in Georgia in 1986 and once in Tennessee in 1991.  He was deported in 1992, but returned to this country without permission.  After he was found in Maple Heights, Ohio, in November 1999, he was indicted for illegal entry and pled guilty.  The Sentencing Guidelines prescribed a criminal history category of IV.  The applicable offense guideline was United States Sentencing Commission, *Guidelines Manual*, § 2L1.2(b)(1) (Nov. 1998),[2] which carries a base offense level of 8.  Because Taylor entered the country after being deported following conviction for an "aggravated felony," his base offense level was increased by 16–a three-fold increase.  Reduction of the offense level for acceptance of responsibility left Taylor with a guideline range of 57-71 months.

_____

   [1]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio.

   [2]We cite the 1998 version of the guidelines because that was the version in effect at the time of sentencing, May 30, 2000.  *See* USSG § 1B1.11(a) (Nov. 2001) (court shall use guideline in effect at time of sentencing).

only if the defendant satisfies all three criteria enumerated in Application Note 5."), *cert. denied*, 122 S. Ct. 1106 (2002); *United States v. Marquez-Gallegos*, 217 F.3d 1267, 1270-71 (10th Cir.), *cert. denied*, 531 U.S. 905 (2000); *United States v. Yanez-Huerta*, 207 F.3d 746, 750 (5th Cir.) (per curiam) (five-year suspended term of imprisonment exceeded one-year maximum specified in Note 5, making defendant ineligible for departure based on relatively minor nature of conviction), *cert. denied*, 531 U.S. 981 (2000); *United States v. Tappin*, 205 F.3d 536, 543 (2d Cir.) ("[A] sentencing court lacks the power to grant a downward departure under USSG § 2L1.2 based on the seriousness of a predicate aggravated felony absent satisfaction of all three enumerated criteria in Application Note 5."), *cert. denied*, 531 U.S. 910 (2000); *and United States v. McKenzie*, 193 F.3d 740, 742 (3d Cir. 1999), *with United States v. Alfaro-Zayas*, 196 F.3d 1338, 1342-44 (11th Cir. 1999) (per curiam) (in case where defendant did not meet Application Note 5 criteria, stating that district court could have departed based on small amount of drugs involved in earlier felony, but affirming district court's denial of departure); *United States v. Sanchez-Rodriguez*, 161 F.3d 556, 563 (9th Cir. 1998) (en banc) (decided without reference to Application Note 5); *and United States v. Diaz-Diaz*, 135 F.3d 572, 582 (8th Cir. 1998) (affirming district court's downward departure on ground of seriousness of prior felony without discussion of whether defendant met Application Note 5 criteria).

We are persuaded that our own earlier unpublished opinion and the weight of authority are correct in holding that a defendant who did not qualify for a departure under Application Note 5 (when it was in effect) was not entitled to a departure on the ground that his earlier felony was not sufficiently serious to bring him within the heartland of USSG § 2L1.2(b)(1)(A) (Nov. 1998). Accordingly, we affirm the sentence imposed by the district court.

Taylor asked the district court to depart downward from the Guidelines' sentencing range on two grounds: the criminal history category overstated the seriousness of his past conduct, and the three-fold increase in his offense level also overstated "the seriousness of his offense and the harm caused by it." The district court granted a downward departure by using the criminal history category of III rather than IV, but denied the requested offense-level reduction. The court reasoned that Application Note 5 to Guideline § 2L1.2 (Nov. 1998)[3] took into account the seriousness of the underlying felonies by setting out the circumstances under which a downward departure would be appropriate because of the nature of the predicate felonies. The court stated that under Application Note 5, a downward departure might be warranted where: (A) the defendant had only one previous felony conviction; (B) that previous felony was not a crime of violence or a firearms offense; and (C) the term of imprisonment imposed for that felony was not more than a year. Because Taylor had been convicted of more than one felony and one of those felonies had resulted in a sentence of more than one year, the court held that Taylor was ineligible for a downward departure on his offense level.

The court arrived at a sentence range of 46-57 months, and it sentenced Taylor to 46 months imprisonment, followed by two years of supervised release.

Taylor appeals, arguing that the district court incorrectly concluded that he was not eligible for a downward departure to take into account the nature of his previous felonies because he did not meet two of the three conditions stated in

---

[3]Guideline § 2L1.2 was thoroughly overhauled in November 2001, and former Application Note 5 eliminated, *see* Amendment 632, USSG App. C (Supp. 2001), but no one has argued that this amendment should have any effect in this case. Parenthetically, if the Amendment was applicable, it would apparently dictate the same result the district court reached in this case. Taylor's cocaine trafficking conviction resulted in a twenty-five year sentence, and the amended section 2L1.2 prescribes a 16-point increase if the prior conviction was a drug trafficking offense for which the sentence imposed exceeded 13 months.

Application Note 5.   The government responds that the district court's failure to depart was an unreviewable exercise of discretion.

A district court's discretionary decision not to depart downward from the guidelines is unreviewable, so long as the district court understands that it has discretion so to depart. *United States v. Ebolum*, 72 F.3d 35, 37 (6th Cir. 1995). However, when the district court interprets the guidelines to prohibit a departure, that determination is reviewable. *United States v. Coleman*, 188 F.3d 354, 357 (6th Cir. 1999) (en banc).   This was such a case.   The district court said at sentencing:

> [A]pplication note 5 unequivocally provides that a downward departure may be warranted based on the relative unseriousness of the underlying conviction when the three factors listed therein are present.   The government correctly observes that at least the Tenth and Fifth Circuits read this application note literally and require all three factors to be present for a downward departure to be justified.   The Sixth Circuit has not addressed this issue, but this Court has no reason to believe that the Sixth Circuit would not require application note 5 to be satisfied before permitting a downward departure in this context.

Later, the court added:  "I really sincerely appreciate the arguments [Taylor's counsel] is making, but I just don't think that I can deviate from the statute as I understand it.  And I can only hope that perhaps I'm wrong, and the Sixth Circuit will straighten it out for everybody."

The district court obviously knew that the Sixth Circuit would not be reviewing the denial of departure unless it was based on lack of authority to depart.  Thus, the district court's decision that it could not depart was a reviewable legal determination.  Although we review a district court's belief that it lacked authority to depart under an abuse of discretion standard, *Coleman*, 188 F.3d at 357, an erroneous legal determination is always an abuse of discretion.  *Id.*; *see*

*United States v. Prince*, 214 F.3d 740, 766 (6th Cir.) ("The district court's determination that it lacked authority to depart downward is considered an issue of Guidelines interpretation that we review *de novo*."), *cert. denied*, 531 U.S. 974 (2000).

A district court can exercise its discretion to depart from the sentencing guidelines range when a defendant's case falls outside the heartland of the applicable guideline because the case presents a factor that was not taken into account by the Sentencing Commission or because a factor is present in a degree or form not contemplated.  *See Koon v. United States*, 518 U.S. 81, 96 (1996) ("If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."); *Coleman*, 188 F.3d at 358 ("A downward departure is permitted when there is a mitigating factor that has not been adequately considered in formulating the Sentencing Guidelines.").   A defendant may not receive a departure based on the presence of a factor already adequately taken into account in the guidelines.  *See United States v. Saucedo*, 226 F.3d 782, 790 (6th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001).

In an unpublished decision filed after argument in this case, we held that a defendant who did not qualify for a departure under Application Note 5 was not eligible for departure on the ground of seriousness of the earlier felony.  *United States v. Sanchez-Sanchez*, 24 Fed. Appx. 342, 345 (6th Cir. 2001) ("Here, Defendant does not qualify for a downward departure under Application Note 5, which essentially established the 'heartland'. . . for purposes of USSG § 2L1.2.").

This unpublished decision was in accord with the vast majority of applicable cases from other circuits.  *Compare United States v. Palomino-Rivera*, 258 F.3d 656, 659 (7th Cir. 2001) ("In promulgating Application Note 5, the Commission defined the heartland of § 2L1.2 by exclusion; a downward departure from the sixteen-point enhancement is authorized