**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dominic PALAZZOLA, Defendant–Appellant.**

**No. 01–6477.**

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

*ORDER*

Dominic Palazzola appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Palazzola pleaded guilty to second degree murder in violation of 18 U.S.C. § 1111. The district court sentenced Palazzola to 297 months of imprisonment and five years of supervised release, and the court imposed a $100 special assessment and ordered Palazzola to pay restitution in the amount of $5,350. In this timely appeal, Palazzola's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he raises the following issues for review: 1) whether Palazzola waived his right to appeal his conviction; 2) whether the district court properly determined that Palazzola knowingly and voluntarily entered his guilty plea; and 3) whether the district court properly sentenced Palazzola. Palazzola has filed a response to his counsel's motion to withdraw, in which he raises the following issue: 4) whether his trial counsel rendered ineffective assistance. Palazzola also requests the appointment of new counsel.

Upon review, we conclude that Palazzola has waived his challenges to his conviction. In his plea agreement, Palazzola knowingly and expressly waived his right to appeal or collaterally attack his conviction, and the district court reviewed this waiver with Palazzola at his plea hearing. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming*, 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996); *United*

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Lou-isiana, sitting by designation.

*States v. Allison,* 59 F.3d 43, 46 (6th Cir. 1995). Therefore, review of Palazzola's claims concerning his conviction are precluded on appeal.

Nonetheless, Palazzola's challenge to his guilty plea is without merit, even without the waiver. The district court, by complying with the requirements of Fed. R.Crim.P. 11, properly determined that Palazzola knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992).

The court met the requirements of Rule 11. The court carefully explained the rights that Palazzola was waiving and determined that Palazzola was freely and voluntarily entering his plea. The court noted the potential statutory maximum sentences and indicated the applicability of the Sentencing Guidelines. The Assistant United States Attorney described the terms of the plea agreement. Palazzola acknowledged committing the conduct set forth in the indictment and admitted his guilt of the offense. Consequently, the record reveals that Palazzola knowingly and voluntarily pleaded guilty.

The district court also properly sentenced Palazzola. In the plea agreement, the parties recommended that Palazzola had a Total Offense Level of 34 and a Criminal History Category of VI, which resulted in a sentencing range of 262 to 327 months of imprisonment. The district court's sentence of 297 months fell in the middle of this range. Palazzola acknowl-edges that the district court properly calculated his Guidelines range and that his sentence fell within that range. Consequently, Palazzola cannot appeal this sentence, *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994), and this court lacks jurisdiction to review any challenge to the sentence. *United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995). While Palazzola moved the district court to depart downward under USSG § 5K2.13 because of his significantly reduced mental capacity, the district court refused to depart downward, although it was aware of its discretion to do so. Since the district court was aware of its discretion to depart downward, Palazzola cannot appeal the court's refusal to do so. *United States v. Taylor,* 286 F.3d 303, 305 (6th Cir.2002).

Lastly, Palazzola's ineffective assistance of counsel claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 181, 151 L.Ed.2d 125 (2001). Palazzola argues that his counsel rendered ineffective assistance because his codefendant was permitted to plead guilty to manslaughter, while he was required to plead to second-degree murder. Although Palazzola and his counsel did complain about these disparate convictions in the district court, this claim was never raised in the context of an ineffective assistance of counsel claim; consequently, an adequate record does not exist to review the claim at this time.

Accordingly, this court grants counsel's motion to withdraw, denies Palazzola's request for the appointment of new counsel,

and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.