*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0416p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

    *v.*

VICTOR MANUEL IBARRA-HERNANDEZ,

          *Defendant-Appellant.*

No. 04-2502

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00133—Gordon J. Quist, District Judge.

Argued: September 16, 2005

Decided and Filed: October 14, 2005

Before: GUY, BATCHELDER, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Donald Daniels, UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Victor Manuel Ibarra-Hernandez, a Mexican national, was charged with and pled guilty to illegally reentering the United States after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b). Over his objection, Ibarra-Hernandez was sentenced by the district court to 70 months of imprisonment, which was at the bottom of the 70 to 77 month range determined by his offense level and criminal history under the United States Sentencing Guidelines (USSG). For the reasons set forth below, we **VACATE** Ibarra-Hernandez's sentence and **REMAND** the case for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). We further hold, however, that the district court did not err in denying Ibarra-Hernandez's motion for a downward departure under USSG § 2L1.2(b)(1)(A)(ii), which directs the district court to increase the offense

level of a previously deported alien who has illegally reentered the United States after having been convicted of a "crime of violence."

## I. BACKGROUND

Ibarra-Hernandez entered the United States illegally some time in the mid-1980s, when he was a teenager. In 1994, when Ibarra-Hernandez was 24 years old, he was charged with and pled guilty to attempting to break into a neighbor's house. Ibarra-Hernandez now contends that he was inebriated at the time and simply crashed his hand through a window. He also claims that he left immediately when approached by the homeowner. Ibarra-Hernandez was subsequently sentenced to five years of imprisonment. This sentence was later suspended, however, and Ibarra-Hernandez was instead placed on probation for five years.

In April of 2001, Ibarra-Hernandez was deported from the United States, but reentered illegally one week later. On June 17, 2004, he was stopped by the Michigan State Police near Paw Paw, Michigan on a routine traffic stop. The police officer identified Ibarra-Hernandez as a previously deported alien. He was then charged with, and pled guilty to, being in the United States without the permission of the Attorney General after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b).

Ibarra-Hernandez's Presentence Report (PSR) determined that he had a base offense level of 8. Pursuant to USSG § 2L1.2(b)(1)(A)(ii), the PSR recommended that this base offense level be increased by 16 levels because Ibarra-Hernandez had previously been convicted of attempted burglary, which is considered a "crime of violence" under the Sentencing Guidelines. The PSR further recommended that the enhanced offense level then be decreased by 3 levels based upon his acceptance of responsibility for reentering the United States illegally. *Id.* With a criminal history category of V and a net offense level of 21, Ibarra-Hernandez's Sentencing Guidelines range was determined to be 70 to 77 months of imprisonment.

Ibarra-Hernandez objected to the PSR's recommendation on two grounds. First, he argued that the 16-level enhancement significantly overstated the severity of his attempted-burglary conviction. The district court, however, denied Ibarra-Hernandez's motion, ruling that, under USSG § 2L1.2(b)(1)(A)(ii), it did not have the discretion to depart downward. Ibarra-Hernandez's other objection was that the district court's adherence to the Sentencing Guidelines was misplaced under *Blakeley v. Washington*, 542 U.S. 296 (2004). The district court once again overruled his objection, this time relying on *United States v. Koch*, 383 F.3d 436, 443 (6th Cir. 2004) (en banc), *overruled by United States v. Booker*, 125 S. Ct. 738 (2005). At his sentencing hearing, Ibarra-Hernandez was sentenced to 70 months of imprisonment. This timely appeal followed.

## II. ANALYSIS

**A.     Ibarra-Hernandez's sentence should be remanded to the district court for reevaluation in light of *Booker* and *Barnett***

Ibarra-Hernandez's principal contention on appeal is that the district court erred when it sentenced him pursuant to the then-mandatory Sentencing Guidelines. In support of this argument, Ibarra-Hernandez notes that he objected at the sentencing hearing to the district court's reliance on the Guidelines, thus preserving the argument for appeal. He also maintains that the district court might have decreased his sentence under the now-advisory scheme, particularly in light of the fact that he was sentenced at the low end of the recommended Guidelines range.

After Ibarra-Hernandez's sentence was imposed, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738, 756-57 (2005), which declared unconstitutional the statutory provision that made the Guidelines mandatory. Although the sentencing court is still "require[d] . . . to

consider Guidelines ranges," *id.* at 757, *Booker* had the effect of making the Guidelines advisory instead of mandatory. The government acknowledges that the district court erred in sentencing Ibarra-Hernandez under what everyone properly assumed at the time were mandatory Sentencing Guidelines, and it concedes that Ibarra-Hernandez's sentence must be remanded to the district court pursuant to *Booker*, *id.*, and *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005). We therefore vacate Ibarra-Hernandez's sentence and remand the case to the district court for resentencing consistent with *Booker*.

**B.    The district court did not have the discretion to depart downward under USSG § 2L1.2(b)(1)(A)(ii)**

Ibarra-Hernandez's second argument is that the district court erred when it determined that it lacked any discretion to depart downward under USSG § 2L1.2(b)(1)(A)(ii). Even though the Sentencing Guidelines are now advisory only, the appropriate Guidelines range for Ibarra-Hernandez is nonetheless important. This is because "*Booker* requires an acknowledgment [by the district court] of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of a variation from that range." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).

In general, "[a] district court's construction of the sentencing guidelines is a question of law which this Court reviews de novo." *United States v. Boucha*, 236 F.3d 768, 771 (6th Cir. 2001). This court has concluded, however, that "[a] district court's discretionary decision not to depart downward from the guidelines is unreviewable, so long as the district court understands that it has discretion so to depart." *United States v. Taylor*, 286 F.3d 303, 305 (6th Cir. 2002) (citations omitted). But "when the district court interprets the guidelines to prohibit a departure, that determination is reviewable." *Id.* (citations omitted). The district court in the present case explicitly rejected the argument that it had the discretion to grant Ibarra-Hernandez's motion for a downward departure. This issue is therefore reviewable by us under a de novo standard of review. *United States v. Hawkins*, 274 F.3d 420, 426 (6th Cir. 2001).

The Guidelines section in question, § 2L1.2(b)(1)(A)(ii), directs the district court to increase the defendant's base offense level by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence." Corresponding official comments further explain that a "crime of violence" includes the attempted "burglary of a dwelling." USSG § 2L1.2 cmt. nn.1 (B)(iii) & 5 (2004). Ibarra-Hernandez contends, however, that the district court had the requisite discretion to depart downward from this 16-level adjustment because the Sentencing Commission's 2001 amendments changed the nature of § 2L1.2(b)(1)(A)(ii).

Specifically, Ibarra-Hernandez points to Application Note 5 of the *former* version of USSG § 2L1.2, which allowed a sentencing court the discretion to depart only in situations where the factors explicitly enumerated in Application Note 5 existed. *See* USSG § 2L1.2 cmt n.5 (2000); *Taylor*, 286 F.3d at 306-07 (holding that a defendant must satisfy the enumerated criteria contained in Application Note 5 in order for the court to grant a downward departure). Ibarra-Hernandez argues that, when the Sentencing Commission deleted Application Note 5 in 2001, it "return[ed] to sentencing courts the discretion that this Court and other circuits had held was restricted by that application note."

Although Ibarra-Hernandez correctly points out that Application Note 5 has been removed from the Sentencing Guidelines, the fact remains that the wording of USSG § 2L1.2(b)(1)(A)(ii) was changed at the same time so as "to expressly distinguish between crimes of violence and simple aggravated felonies." *United States v. Saucedo-Patino*, 358 F.3d 790, 793 (11th Cir. 2004). Furthermore, under Application Note 1(B)(iii) of USSG § 2L1.2, a "crime of violence" includes

attempted burglary of a dwelling, the very crime to which Ibarra-Hernandez pled guilty in 1994. The district court was therefore required under § 2L1.2(b)(1)(A)(ii) to increase by 16 levels the total offense level of a defendant who, like Ibarra-Hernandez, has pled guilty to such a "crime of violence."   Although Ibarra-Hernandez presents what appears to be a sympathetic case, the Sentencing Guidelines do not grant the district court any discretion to depart downward from USSG § 2L1.2(b)(1)(A)(ii).

In this regard, the present case is factually identical to the Eleventh Circuit's decision in *Saucedo-Patino*.  The defendant in that case pled guilty to reentering the United States illegally after being deported following a burglary conviction.  Saucedo-Patino had a base offense level of 8 and, like Ibarra-Hernandez, also claimed that applying the 16-level enhancement to him under § 2L1.2 exaggerated the severity of the burglary.  The Eleventh Circuit, in its analysis, reasoned as follows:

> Section 2L1.2(b)(1) used to require that the offense level be increased by 16 if the defendant had a prior conviction for any aggravated felony.  Because the seriousness of the prior aggravated felony could vary greatly, the commentary contained [Application Note 5] suggesting that downward departures might be warranted in some of the less serious cases.

*Id*. at 793 (citation omitted) (emphasis removed).  In addition, the court observed that

> [w]hen the Sentencing Commission modified § 2L1.2(b)(1) to expressly distinguish between crimes of violence and simple aggravated felonies, it also removed [Applicaton Note 5] concerning downward departures because it determined that the amended graduation of increases negated the need for the departure provision.

*Id*. at 794.

Accordingly, the court in *Saucedo-Patino* determined that "[g]iven that the Commission chose to distinguish between these two categories—by requiring increases of 8 and 16 levels, respectively—we must enforce the distinction." *Id.*  The Eleventh Circuit then affirmed the district court's conclusion that it did not possess the requisite discretion to depart downward from USSG § 2L1.2(b)(1)(A)(ii).  This analysis is equally applicable to the facts in the present case.

In sum, the Sentencing Guidelines do not afford the district court any discretion to depart downward under USSG § 2L1.2(b)(1)(A)(ii).  But the Sentencing Guidelines as a whole are now advisory.  The district court is therefore free to depart from the overall sentence computed under the Sentencing Guidelines, provided that it "consider[s] the advisory provisions of the Guidelines and the other factors identified in 18 U.S.C. § 3553(a)," *Jackson*, 408 F.3d at 305, and provided that the resulting sentence is reasonable.  *Booker*, 125 S. Ct. at 767 ("The courts of appeals review sentencing decisions for unreasonableness.").

## III. CONCLUSION

For all of the reasons set forth above, we **VACATE** Ibarra-Hernandez's sentence and **REMAND** the case for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). We further hold that the district court did not err in denying Ibarra-Hernandez's motion for a downward departure under USSG § 2L1.2(b)(1)(A)(ii).