*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0430p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 05-6354

ADALBERTO LARA PORTELA, also known as Daniel
Rodriguez; also known as Sergio Maza-Sosa,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 04-00055—J. Ronnie Greer, District Judge.

Argued: October 23, 2006

Decided and Filed: November 21, 2006

Before: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

———————————

## COUNSEL

**ARGUED:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Nancy Stallard Harr, ASSISTANT UNITED STATES ATTORNEY, Greenville, Tennessee, for Appellee.

———————————

## OPINION

———————————

COOK, Circuit Judge. Adalberto Lara Portela challenges his 94-month sentence for possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and for violating 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2) related to the illegal reentry of removed aliens. Portela contends that the district court erroneously enhanced his sentence because his prior Tennessee conviction for vehicular assault was not a "crime of violence" under United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii). We agree, vacate the sentence, and remand for resentencing.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I

Portela stipulated to the facts against him, namely, that he possessed 500 or more grams of cocaine with the intent to distribute it and that he was a removed alien found in the United States. He also stipulated to a prior state-court conviction for "vehicular assault." Under Tennessee law, "[a] person commits vehicular assault, who, as the proximate result of the person's intoxication . . . recklessly causes serious bodily injury to another person by the operation of a motor vehicle." Tenn. Code Ann. § 39-13-106(a). Concluding that Portela's Tennessee conviction was for a "crime of violence," the court enhanced his sentence by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) ("If the defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels."). The district court rejected Portela's argument that vehicular assault is not a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Portela renews this argument.

II

We review a district court's construction of the sentencing guidelines de novo. *United States v. Ibarra-Hernandez*, 427 F.3d 332, 334 (6th Cir. 2005).

The commentary to U.S.S.G. § 2L1.2(b)(1) states that "crime of violence"

> means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.*

(emphasis added). To understand what crimes the italicized catch-all clause encompasses, we consult cases examining 18 U.S.C. § 16(a), where identical language appears. *See Leocal v. Ashcroft*, 543 U.S. 1, 6-7 (2004); *see also United States v. Perez-Vargas*, 414 F.3d 1282, 1286 n.3 (10th Cir. 2005) (noting the definition of "crime of violence" under 18 U.S.C. § 16 is, in relevant part, "identical to the one found in USSG § 2L1.2").

In *Leocal*, 543 U.S. at 4, the Supreme Court considered whether the Florida crime of driving under the influence of alcohol and causing serious bodily injury was a "crime of violence" under 18 U.S.C. § 16. It examined the statutory language of § 16(a) and noted that the word "use"—as in "has as an element the use, attempted use, or threatened use"—"requires active employment." *Id.* at 9. In other words,

> [w]hile one may, in theory, actively employ *something* in an accidental manner, it is much less natural to say that a person actively employs physical force against another person by accident. Thus, a person would "use . . . physical force against" another when pushing him; however, we would not ordinarily say a person "use[s] . . . physical force against" another by stumbling and falling into him.

*Id.* Thus, this language "most naturally suggests a higher degree of intent than negligent or merely accidental conduct," *id.*, and an offense (like the Florida offense in *Leocal*) that "does not require proof of any particular mental state," *id.* at 7, and that "appear[s] to require only proof that the person acted negligently in operating the vehicle," *id.* at 8, does not qualify as a "crime of violence" under § 16(a). *Id.* at 10.

As additional support, the Court cited § 101(h) of the Immigration and Nationality Act (INA), which defines a "serious criminal offense," in relevant part, as "(2) any crime of violence, as defined in section 16 of title 18; *or* (3) any crime of reckless driving or of driving while

intoxicated or under the influence of alcohol or of prohibited substances if such crime involves personal injury to another." *Id*. at 12. Unwilling to believe that Congress included a redundant provision in the INA, the Court concluded that the third clause must mean something different than the second clause—this reinforced its conclusion that a DUI offense requiring only proof of negligence is not a "crime of violence" under 18 U.S.C. § 16. *Id*.

Left open by *Leocal*—and relevant here—is "whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16." *Id*. at 13. Since *Leocal*, two of our sister circuits have held that it does not.

In *Oyebanji v. Gonzales*, 418 F.3d 260, 261 (3d Cir. 2005), the Third Circuit (per then-Judge Alito) held that a New Jersey vehicular homicide conviction—which only required a mental state of recklessness—was not a conviction for a "crime of violence" under 18 U.S.C. § 16.[1] *See also Singh v. Gonzales*, 432 F.3d 533, 540 (3d Cir. 2006) (Pennsylvania offense of recklessly endangering another person is not a crime of violence). The Third Circuit relied on *Leocal*'s repeated statements that the "accidental" use of force does not satisfy 18 U.S.C. § 16. *Oyebanji*, 418 F.3d at 263-64; *see also Leocal*, 543 U.S. at 9-11.

Similarly, in *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 445 (4th Cir. 2005), the Fourth Circuit held that a drunk driver's conviction for reckless involuntary manslaughter was not a "crime of violence" conviction under 18 U.S.C. § 16. *See also Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (Reckless assault is not a "crime of violence" under § 16(a) because it "does not contain an element that there be the intentional employment of physical force. . . ."). The Fourth Circuit noted that *Leocal*'s reasoning regarding the "use" of force "strongly indicates that the result in *Leocal* would have been the same even had a violation of the statute there at issue required recklessness rather than mere negligence." *See Bejarano-Urrutia*, 413 F.3d at 447.

We now follow the "considered dicta" of *Leocal*, *see United States v. Marlow*, 278 F.3d 581, 588 n.7 (6th Cir. 2002), and the reasoning of our two sister circuits to hold that a crime requiring only recklessness does not qualify as a "crime of violence" under 18 U.S.C. § 16. Because the catch-all clause of U.S.S.G. § 2L1.2(b)(1) uses identical language, Portela's conviction for reckless vehicular assault is not a "crime of violence" under that clause, and because it is not, the district court lacked support for its 16-level increase in Portela's sentence.

Nor can the 16-level increase be sustained, as the government argues, via the enumerated list of crimes in § 2L1.2(b)(1). Though the government acknowledges that vehicular assault is not listed, it urges the court to analogize to aggravated assault under Tenn. Code Ann. § 39-13-102(a)(2) because "aggravated assault" is an enumerated offense under § 2L1.2(b)(1). But enumerated offenses, not crimes analogous to enumerated offenses, trigger the enhancement. We reject this attempt to "shoehorn[] [Portela's crime] into statutory sections where it does not fit." *Leocal*, 543 U.S. at 13.

### III

For these reasons, we vacate Portela's sentence and remand for resentencing.

---

[1] Although the parties in *Oyebanji* agreed that the crime did not fall under § 16(a), *Oyebanji*'s analysis of § 16(b)'s state of mind requirement applies equally to § 16(a). *See Leocal*, 543 U.S. at 11 (finding that § 16(a) and § 16(b) have the same mens rea requirement); *Oyebanji*, 418 F.3d at 263 ("[T]his concept is incorporated into both subsections (a) and (b) of 18 U.S.C. § 16.").