**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

LIBRADO LOPEZ-TORRES,
              *Defendant-Appellant.*

No. 05-10392

D.C. No.
CR-04-00343-ECR

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted
April 6, 2006—San Francisco, California

Filed April 25, 2006

Before: Alfred T. Goodwin, Betty B. Fletcher, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Goodwin

4635

**COUNSEL**

Arthur L. Allen, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Robert A. Bork, Assistant U.S. Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

**OPINION**

GOODWIN, Circuit Judge:

This appeal involves the unlawful reentry of a deported alien whose sentence was enhanced due to a prior conviction for shooting at an occupied motor vehicle in violation of California Penal Code section 246. We hold that a conviction under California Penal Code 246 is categorically a crime of violence under Sentencing Guideline § 2L1.2, and affirm the enhancement.

**I.**

On December 13, 2004, Librado Lopez-Torres pled guilty to one count of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. Lopez-Torres filed supplemental

objections to the presentence report's (PSR) calculation of his offense level which increased the base level by sixteen for a prior crime of violence conviction. The government's response defended the PSR's calculations. Lopez-Torres argued that the district court should apply a categorical approach and then modified categorical approach to analyze his prior conviction under California Penal Code section 246. At the sentencing hearing, the district court engaged in a modified categorical analysis to find that Lopez-Torres' section 246 conviction was a crime of violence resulting in a sixteen-level enhancement. This appeal followed.

## II.

We review a district court's legal interpretation of the Sentencing Guidelines *de novo*. *United States v. Kelly*, 422 F.3d 889, 891-92 (9th Cir. 2005).

## III.

Lopez-Torres argues that a conviction under California Penal Code section 246 is not categorically a crime of violence for purposes of Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). California Penal Code section 246 states:

> Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft, inhabited housecar, as defined in Section 362 of the Vehicle Code, or inhabited camper, as defined in Section 243 of the Vehicle Code, is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year.

As used in this section, "inhabited" means currently being used for dwelling purposes, whether occupied or not.

The district court did not hold that a conviction under section 246 is categorically a crime of violence under § 2L1.2(b)(1)(A)(ii). Instead, it considered the abstract of judgment and the criminal complaint in addition to the PSR, and determined that Lopez-Torres was convicted of shooting into an occupied vehicle, which it held to be a crime of violence.

**[1]** To determine whether a prior conviction qualifies to enhance a defendant's sentence under the Guidelines, this court applies the *Taylor* categorical approach and then the modified categorical approach. *United States v. Vidal*, 426 F.3d 1011 (9th Cir. 2005) (holding that *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), did not affect these approaches).

**[2]** We recently applied the *Taylor* categorical approach and held that violation of "California Penal Code section 246 is a 'crime of violence' under the commentary to USSG § 2L1.2 because shooting at an uninhabited dwelling necessarily involves 'threatened use of physical force against the person of another.'" *United States v. Cortez-Arias*, 403 F.3d 1111, 1115 (9th Cir. 2005), *amended by* 415 F.3d 977, *amended by* 425 F.3d 547. Lopez-Torres does not address this case in his brief to this court. At the sentencing hearing, his attorney argued that because *Cortez-Arias* involved an inhabited dwelling and Lopez-Torres' conviction involved an occupied motor vehicle, the case should not control. This distinction is unpersuasive.

**[3]** A "crime of violence" for purposes of § 2L1.2 includes "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (2003). *Cortez-Arias* addressed whether a shooting at

an inhabited but unoccupied dwelling satisfied this definition. The court reasoned that "California law recognizes that the required elements of violation of section 246 '*always* present a potential for violence,' and it follows that there is always a 'threatened use of physical force against the person of another.' " *Cortez-Arias*, 403 F.3d at 1115-16 (quoting *People v. White*, 4 Cal. App. 4th 1299, 1305 (1992)).

**[4]** *Cortez-Arias*' reasoning applies equally to every means of violating section 246, from shooting at an inhabited dwelling house, housecar, or camper, to shooting at an occupied building or motor vehicle. The court explained that "[a] person whose home is shot up by an instrument of deadly force, even though that person may have been absent at the time of the shooting, will surely feel threatened by the physical force that intruded on his or her home." *Id.* at 1116. While applied to a shooting at an inhabited dwelling house in that case, this reasoning also applies to "homes" including housecars and campers — the other two places which can be inhabited but unoccupied under section 246. Because the other places enumerated in section 246 — motor vehicles, buildings, and aircraft — must be occupied, shooting at these places also involve "the use, attempted use, or threatened use of physical force against the person of another," and qualify as crimes of violence under § 2L1.2.

**[5]** Lopez-Torres further contends that because a conviction under section 246 could result in a sentence of one year or less, a violation is not categorically a felony for § 2L1.2 purposes. However, a felony for the purposes of § 2L1.2 is defined as "any federal, state, or local offense *punishable* by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n. 2 (2003) (emphasis added). A violation of California Penal Code section 246 is a felony for § 2L1.2 purposes because it is punishable by imprisonment for up to seven years.

Finally, Lopez-Torres argues that we should decline to follow the Supreme Court's holding in *Almendarez-Torres v.*

*United States*, 523 U.S. 224 (1998), that a prior conviction need not be proved to a jury beyond a reasonable doubt to enhance a sentence. He argues that subsequent non-majority opinions by members of the Supreme Court have undercut *Almendarez-Torres*, and that we are no longer bound by it. We have repeatedly rejected this argument, and do so again here. *See, e.g., United States v. Esparza-Gonzalez*, 422 F.3d 897, 907 (9th Cir. 2005) ("[E]nhancements based on prior convictions need not be proven beyond a reasonable doubt [to] a jury or admitted by the defendant to satisfy the Sixth Amendment."); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005) (reaffirming the prior conviction exception to the *Apprendi v. New Jersey*, 530 U.S. 466 (2000), rule).

**[6]** Notwithstanding that the district court unnecessarily conducted a modified categorical analysis, we affirm Lopez-Torres' sentence enhancement on the alternative ground that a California Penal Code section 246 conviction is categorically a crime of violence for purposes of U.S.S.G. § 2L1.2.

**AFFIRMED.**