# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AARON ALPHONSO GARCIA,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney General,

*Respondent.*

No. 05-1504

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A43-156-907)

Argued: March 15, 2006

Decided: July 26, 2006

Before WIDENER and WILLIAMS, Circuit Judges, and
William L. OSTEEN, Senior United States District Judge
for the Middle District of North Carolina, sitting by designation.

Petition granted and remanded by published opinion. Judge Widener
wrote the opinion, in which Judge Williams and Senior Judge Osteen
concurred.

## COUNSEL

**ARGUED:** George Millington Clarke, III, BAKER & MCKENZIE,
L.L.P., Washington, D.C., for Petitioner. Joanne Elizabeth Johnson,
UNITED STATES DEPARTMENT OF JUSTICE, Civil Division,
Washington, D.C., for Respondent. **ON BRIEF:** David J. Laing,

BAKER & MCKENZIE, L.L.P., Washington, D.C.; Mary Holper, CAIR COALITION, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

**OPINION**

WIDENER, Circuit Judge:

This case is a petition for review of a decision by the Board of Immigration Appeals holding that the petitioner, Aaron Garcia, is eligible for deportation under the Immigration and Naturalization Act. The Board held that Garcia was so eligible on account of his conviction for reckless assault in the second degree in the State of New York after he struck a pedestrian in his vehicle. It determined that this conviction is a "crime of violence" for purposes of the statute.

Because this decision is contrary to the Supreme Court's and our circuit's definitions of a "crime of violence" for the purposes of 18 U.S.C. § 16, we grant the petition for review.

I.

Aaron Garcia is a national of Trinidad and Tobago who came to the United States on October 29, 1991 as a lawful permanent resident. We are told without refutation that he is engaged to be married to an American citizen, Miss Karen McCoy, and has a daughter, Kiara Garcia, who is a recently born American citizen.

Garcia pleaded guilty to the offense of reckless assault in the second degree on September 1, 1999 in Kings County, New York. This crime is a violation of N.Y. Penal Law § 120.05(4). He was charged with this crime after he hit a pedestrian while he was speeding in his car. He received a prison term of four years for this offense, from which he was eventually paroled with a positive record.

On February 24, 2004, the Department of Homeland Security arrested Garcia in New York, and initiated deportation proceedings, arguing that he was an alien convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Garcia was transferred to Virginia due to lack of detention space in New York.

During the administrative proceedings, the Immigration Judge determined that Garcia had been convicted of an aggravated felony and ordered him deported. The Board of Immigration Appeals upheld this determination. Garcia now seeks review of that decision.

## II.

We examine legal issues determined by the Board of Immigration Appeals de novo. *Lopez-Soto v. Ashcroft*, 383 F.3d 228, 234 (4th Cir. 2004). Although the Board is generally entitled to especial deference in interpretations of the Immigration and Naturalization Act, *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999), where the Board construes statutes over which it had no particular expertise, including the federal and state and criminal law and statutes at issue in the present case, the Board's interpretation is not entitled to deference. *Sutherland v. Reno*, 228 F.3d 171, 174 (2d Cir. 2000); *Flores v. Ashcroft*, 350 F.3d 666, 671 (7th Cir. 2003).

## III.

### A.

8 U.S.C. § 1227(a)(2)(A)(iii) allows for the deportation of any alien committing an "aggravated felony." This term is defined in 8 U.S.C. § 1101(a)(43), which includes, at subparagraph (F) the provision that an aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." A "crime of violence" is defined in 18 U.S.C. § 16 as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Here, subsection (a) does not apply. The law that Garcia was convicted under states only that "[a] person is guilty of assault in the second degree when . . . (4) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument," N.Y. Penal Law § 120.05. This definition does not contain an element that there be the intentional employment of physical force against a person or thing, and thus is beyond the scope of 18 U.S.C. § 16(a). This same determination was also reached by the Board.

We next turn to 18 U.S.C. § 16(b), which we analyze under what is called the categorical approach. Under this approach, to determine whether a crime fits under this section's definition, we look to the "intrinsic nature of the crime, not to the facts of each individual commission of the offense." *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 446 (4th Cir. 2005) (quoting *United States v. Aragon*, 983 F.2d 1306, 1312 (4th Cir. 1993)). This examination is not made looking "to the particular facts underling th[e] prior convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990) (developing the categorical approach as applied to criminal sentencing). *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (18 U.S.C. § 16 "requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime.").

Central to the categorical analysis employed by the Board and that the government urges is an interpretation of the "substantial risk" requirement in 18 U.S.C. § 16(b) as running the risk of harming another by one's conduct. The Board described its analysis as looking to whether "by its nature, the offense involves that in the course of committing it the offender will intrinsically employ power, violence, or pressure against a person or thing." (JA 226)

### B.

We are of opinion that the interpretation adopted, and just above quoted, by the Board and presented by the government is foreclosed

by precedent. We are of opinion that the case of *Leocal v. Ashcroft*, as we have construed that case, is controlling. In that case, the defendant, Josue Leocal, a Haitian national, was convicted of driving under the influence of alcohol, causing serious bodily injury. *Leocal*, 543 U.S. at 3. The Immigration and Naturalization Service categorized this as a "crime of violence" and sought to deport Leocal. 543 U.S. at 3-4. The Court, however, ultimately reversed this decision, holding that 18 U.S.C. § 16(b) required a higher showing of mens rea than just negligence. "Interpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." *Leocal*, 543 U.S. at 11. Instead, in order for there to be a crime of violence sufficient to trigger deportation, "[t]he reckless disregard [requirement] in § 16 [must], relate *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Leocal*, 543 U.S. at 10 (footnote omitted) (italics in original). And the Court specifically noted that it was not presented a question in which a state or federal offense required proof of the reckless use of force against the person or property of another.

The government seeks to distinguish the present case by arguing that *Leocal* dealt only with negligent disregard, and that the question of reckless disregard was left open for further adjudication, as the Supreme Court indicated. *Leocal*, 543 U.S. at 13. However, this question has been answered by this court, which, referring to *Leocal*, held that recklessness, like negligence, is not enough to support a determination that a crime is a "crime of violence." *Bejarano-Urrutia*, 413 F.3d at 447 (4th Cir. 2005) (applying *Leocal* to a vehicular manslaughter case). There the petitioner, Rodolfo Bejarano-Urrutia, was a Mexican national and lawful permanent resident in the United States, much like Garcia was here. 413 F.3d at 445. In 2001, Bejarano-Urrutia was involved in an automobile accident that killed the driver of the other vehicle. Bejarano-Urrutia was indicted for aggravated involuntary manslaughter in violation of Va. Code Ann. § 18.2-36.1(b) and for driving under the influence of alcohol in violation of Va. Code Ann. § 18.2-266. Bejarano-Urrutia made a plea agreement and pleaded guilty to simple involuntary manslaughter under Va. Code Ann. § 18.2-36 and to the driving under the influence

charge. 413 F.3d at 445. The government then began removal proceedings against him, arguing that the crime to which he had pleaded guilty fit the definition of a crime of violence.

On appeal, we held that such a violation did not qualify as a "crime of violence" because "[a]lthough the crime of violating Va. Code Ann. § 18.2-36 intrinsically involves a substantial risk that the defendant's actions will cause physical harm, it does not intrinsically involve a substantial risk that force will be applied 'as a means to an end.'" *Bejarano-Urrutia*, 413 F.3d at 446-47 (citing *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003)). So, our *Bejarano* decision is contrary to the Board's holding in this case that the requirement of the New York statute, § 120.05(4), of recklessly causing physical injury to another, satisfied the "substantial risk" requirement of the statute.

IV.

We find nothing that meaningfully distinguishes either the Supreme Court's holding in *Leocal*, or our own holding in *Bejarano-Urrutia*, from the present case. Accordingly, we are of opinion that 8 U.S.C. § 16(b) requires that the substantial risk involved be a substantial risk that force will be employed as a means to an end in the commission of the crime, not merely that reckless conduct could result in injury. Accordingly, the Board of Immigration Appeals erroneously concluded that Garcia is eligible for deportation under 8 U.S.C. § 1227(a)(2)(A)(iii).

The petition for review is accordingly granted, the order of the Board is vacated, and the case remanded to the Board for action consistent with this opinion.

*PETITION GRANTED AND REMANDED*