**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ismael SANTIAGO–PACHECO,**
**Defendant–Appellant.**

**No. 05–50211.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

---

508

Steven E. Stone Esq., USSD Office of the U.S. Attorney, San Diego, CA, for Appellee.

Cristina Gabrielidis, Esq., San Diego, CA, for Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Ismael Santiago–Pacheco appeals the sentence imposed pursuant to 8 U.S.C. § 1326(b) after his conviction for illegal reentry. *See* 8 U.S.C. § 1326(a). We affirm.

■ (1) Santiago first argues that the record contained insufficient evidence regarding his prior state felony conviction. Thus, he says, the district court could not determine that the felony was a crime of violence within the meaning of the relevant Sentencing Guideline. *See* USSG § 2L1.2(b)(1)(A)(ii).[1] We disagree. No doubt the district court had to perform a *Taylor*[2] analysis and, therefore, had to know just what state statute Santiago was convicted under. *See United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990). However, that does not mean that the state record, itself, must cite the precise statutory provision in every case. *See United States v. Bonilla–Montenegro*, 331 F.3d 1047, 1049–50 (9th Cir.2003); *United States v. Corona–Sanchez*, 291 F.3d 1201, 1205–07 (9th Cir.2002) (en banc). Here, the record makes it perfectly clear that Santiago's State of Oregon conviction was for first degree voluntary manslaughter. *See* Or.Rev.Stat. § 163.118 (1993).

■ (2) Santiago then argues that first degree manslaughter in Oregon is not cat-

---

1. Unless otherwise stated, all references are to the Sentencing Guidelines as effective on November 1, 2004.

2. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

egorically[3] a crime of violence under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, even though that Guideline expressly includes manslaughter. *See* USSG § 2L1.2 comment. (n.1(B)(iii)). That, he urges, is because it could have been based upon actions "committed recklessly under circumstances manifesting extreme indifference to the value of human life." Or. Rev.Stat. § 163.118(1)(a); *see also* Or.Rev. Stat. § 161.085(9) (defining recklessly). Again, we disagree. The generic definition of manslaughter does include the concept of recklessness. *See United States v. Paul,* 37 F.3d 496, 499 & n. 1 (9th Cir. 1994) (construing 18 U.S.C. § 1112(a)); Model Penal Code § 210.3(1)(a); 2 Wayne R. LaFave, *Substantive Criminal Law* § 15.2(a) (2d ed. 2003).[4] Oregon law *is* within that generic definition. For example, compare Model Penal Code § 2.02(2)(c) (definition of recklessly) with Or.Rev.Stat. § 161.085(9) (same). In fact, Oregon adds that the actor's indifference to human life must be extreme. Therefore, for *Sentencing Guideline purposes* Santiago's prior offense was a crime of violence.[5]

■ (3) Finally, Santiago asserts, in effect, that *Almendarez–Torres*[6] has been so undermined, limited to its facts, or otherwise confined that the district court improperly determined that he had been convicted of the prior offense without first presenting that question to a jury. Suffice it to say that his arguments are foreclosed by our prior decisions to the contrary. *See, e.g., United States v. Lopez–Torres,* 443 F.3d 1182, 1185 (9th Cir.2006); *United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006); *United States v. Yanez–Saucedo,* 295 F.3d 991, 993 (9th Cir.2002); *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir. 2000).

AFFIRMED.

---

**3.** *See Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160.

**4.** In *Taylor,* 495 U.S. at 598–99 & n. 8, 110 S.Ct. at 2158 & n. 8, the Supreme Court looked to these very sources for guidance.

**5.** We emphasize that we are construing the Sentencing Guidelines' definition of crime of violence, not the definition of that concept under 18 U.S.C. § 16. *See United States v. Pimentel–Flores,* 339 F.3d 959, 963–64 (9th

Cir.2003); *see also United States v. Diaz–Argueta,* 447 F.3d 1167, 1170 (9th Cir.2006). Moreover, because the sentence was for 93 months imprisonment, it was well within the maximum sentence for a person whose prior conviction was for a "felony (other than an aggravated felony)." 8 U.S.C. § 1326(b)(1).

**6.** *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998).