UNITED STATES of America, Plaintiff—Appellee,

v.

NAI CHING SAELEE, Defendant—Appellant.

No. 05–30367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Decided Aug. 30, 2006.

Jo Ann Farrington, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary C. Geddes, Esq., Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before: KOZINSKI, BERZON and TALLMAN, Circuit Judges.

MEMORANDUM *

The full range of conduct covered by Alaska Stat. § 11.41.420 falls within the meaning of "crime of violence" as defined by the career offender enhancement provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2. And, where the full range of conduct covered by a statute fits within the meaning of "crime of violence," an enhancement for violating the statute is proper. *See United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999). Thus, the sentence enhancement for defen-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

dant's past sexual assault offense was appropriate.

Any activity covered under Alaska Stat. § 11.41.220(a), is likewise a "crime of violence" for the purposes of U.S.S.G. § 4B1.2. Given that defendant was convicted of third-degree assault under Alaska Stat. § 11.41.220(a), his sentence was properly enhanced on this basis as well.

Where all conduct covered by the statute is a "crime of violence," a sentencing judge need not conduct a modified categorical analysis. *See United States v. Lopez–Torres,* 443 F.3d 1182, 1185 (9th Cir.2006). And, because we hold that all activities covered by Alaska Statute § 11.41.220(a) are categorically "crimes of violence," the district judge's consultation of material other than "charging documents filed in the court of conviction" and "recorded judicial acts," as required by *Shepard v. United States,* 544 U.S. 13, 20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), was harmless.

The record offers no suggestion that the trial court based its sentence on a determination that defendant possessed firearms in connection with another felony offense. Therefore, we will not review whether such a connection could be established in this case.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.