**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Jose Manuel MUNGUIA–LUCATERO,**
Defendant–Appellant.

No. 05–50339.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Kevin Lally, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Jose Manuel Munguia–Lucatero appeals from the 46–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced by § 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

■ Munguia–Lucatero first contends that the validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been called into question, so the enhancement based on his admitted prior conviction was improper and that § 1326(b) is unconstitutional. This argument is unavailing. *See United States v. Lopez–Torres*, 443 F.3d 1182, 1185 (9th Cir.2006).

■ Munguia–Lucatero next contends that the sentence imposed was unreasonable. Although it is true that Munguia–Lucatero's most serious offense (voluntary manslaughter with a firearms enhancement) was over twenty years ago, his argument regarding the reasonableness of his sentence is undercut by the extent of Munguia–Lucatero's criminal history, and the fact that he was sentenced nonetheless at the low end of the Guidelines range. *See* 18 U.S.C. § 3553(a); *see also United States v. Marcial–Santiago*, 447 F.3d 715, 717–18 (9th Cir.), *cert. denied, Acosta–Franco v. United States*, — U.S. —, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Munguia–Lucatero also contends that the supervised release condition requiring him to report to the probation office within 72 hours of reentering the United States violates his Fifth Amendment privilege against self-incrimination. This argument has been foreclosed. *See United States v. Maciel–Vasquez,* 458 F.3d 994, 996–97 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**