**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-2343**

_____

JOSE VASQUEZ RIVAS,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

**No. 06-1160**

_____

JOSE VASQUEZ RIVAS,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A42-072-865)

Argued:  October 30, 2007               Decided:  December 7, 2007

Before WILKINSON and GREGORY, Circuit Judges, and Jerome B. FRIEDMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

Remanded by unpublished per curiam opinion.

**ARGUED:** Michael Mitry Hadeed, BECKER, HADEED, KELLOGG & BERRY, P.C., Springfield, Virginia, for Petitioner.  Eric Warren Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Miguel Rodriquez Rivera, BECKER, HADEED, KELLOGG & BERRY, P.C., Springfield, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Vasquez Rivas petitions this court for review of two orders issued by the Board of Immigration Appeals that both affirmed the Immigration Judge's decision that Rivas is removable from the United States. We remand to the Board of Immigration Appeals ("BIA") for further proceedings because (1) it is impossible to discern from the record whether the IJ and the BIA evaluated Rivas's removability status in light of the correct version of the statute under which Rivas was convicted; (2) the BIA should have the first opportunity to determine whether the version of the statute under which Rivas was convicted is "divisible;" and (3) the BIA should have the first opportunity to consider the import of intervening authority on Rivas's removability status.

I.

Rivas, a native and citizen of Spain, was admitted to the United States in August 1990. In November 1996, Rivas was convicted in the Circuit Court of Fairfax County, Virginia, of Destruction of Property under § 18.2-137 of the Virginia Code. The court sentenced Rivas to two years imprisonment, suspending all but forty-five days of that sentence. On November 14, 2003, the Immigration and Naturalization Service served Rivas with a Notice to Appear, charging him removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as an alien

3

convicted of an aggravated felony, namely, a "crime of violence" as defined in 18 U.S.C. § 16, for which the term of imprisonment is one year or more. See 8 U.S.C. § 1101(a)(43)(F) (2000).

On March 2, 2004, the Immigration Judge ("IJ"), in an oral decision, declared that the offense of Destruction of Property found in Va. Code § 18.2-137 constitutes a "crime of violence" under 18 U.S.C. § 16, as incorporated by INA § 101(a)(43)(F). See 8 U.S.C. § 1101(a)(43)(F). Reasoning that Rivas's crime was (1) a felony that (2) involves a risk of physical force against property, the IJ ordered him removed to Spain.

On November 4, 2005, the BIA affirmed without opinion the IJ's decision, making it the final agency determination. See 8 C.F.R. § 1003.1(e)(4). Rivas filed a motion to reconsider, which the BIA denied on January 30, 2006. Rivas filed petitions for review of both orders with this court, which this court consolidated.

## II.

For the reasons that follow, we remand this case to the BIA for a determination of whether Rivas's conviction constitutes a "crime of violence." The basic principles governing remand are well-established. It is a fundamental principle of administrative law that "a 'judicial judgment cannot be made to do service for an administrative judgment.'" Gonzales v. Thomas, 547 U.S. 183, 186 (2006) (quoting SEC v. Chenery Corp., 318 U.S. 80, 88 (1943)).

4

Thus, as a general matter, we should remand a case to an agency "for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002). This principle rests on the "basic proposition that a reviewing court may not decide matters that Congress has assigned to an agency." W. Va. Highlands Conservancy, Inc. v. Norton, 343 F.3d 239, 248 (4th Cir. 2003). Federal law entrusts the Attorney General with the task of determining whether an alien is removable from the United States for having been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii).

Here, we remand to the BIA for consideration of whether Rivas's conviction constitutes a "crime of violence" as defined in 8 U.S.C. § 16(b), and thus renders Rivas removable from the United States as an aggravated felon. 8 U.S.C. § 1101(a)(43)(F). We remand to the BIA so that it can clarify whether, in affirming without opinion the IJ's determination that Rivas's conviction constituted a crime of violence, it was applying the correct version of the statute under which Rivas was convicted. Rivas was convicted in 1996 under the version of Va. Code § 18.2-137 then in effect. However, the Department of Homeland Security's brief to the IJ contained a version of § 18.2-137 that was enacted in 1999 and differs in material ways from the 1996 version. Indeed, the record of proceedings for Rivas's initial petition for review does not include the version of § 18.2-137 in effect at the time of Rivas's

conviction. Thus, it is unclear whether either the IJ or the BIA was considering the correct version of § 18.2-137.

Remand is appropriate for two additional reasons. First, the BIA should have an opportunity to consider in the first instance whether the version of § 18.2-137 in effect in 1996 is "divisible." This determination bears directly upon the analysis of whether Rivas's conviction constitutes a "crime of violence." If the BIA -- after looking at the statutory definition of the offense pursuant to the "categorical approach" set forth in Taylor v. United States, 495 U.S. 575, 600-02 (1990) -- determines that the version of § 18.2-137 under which Rivas was convicted is "divisible," the BIA would be obliged to consult other conclusive court documents permitted under the "modified categorical approach" to determine whether Rivas's conviction is a "crime of violence." See Gonzales v. Duenas-Alvarez, 549 U.S. __ (2007); Soliman v. Gonzales, 419 F.3d 276, 284 (4th Cir. 2005). Moreover, the BIA would then have the opportunity to analyze whether it can consult documents beyond those generally permitted under the "modified categorical approach" to determine whether Rivas was convicted of a "crime of violence." See In re Babaisakov, 24 I. & N. Dec. 306, 316-21 (BIA 2007).

Second, remand will give the BIA a chance to consider whether Rivas was convicted of a "crime of violence" in light of our recent decision interpreting that term in 18 U.S.C. § 16(b). Garcia v. Gonzales, 455 F.3d 465 (4th Cir. 2006). In Garcia, we made clear

6

that for a conviction to qualify as a crime of violence under 18 U.S.C. § 16(b), "the substantial risk involved [must] be a substantial risk that force will be employed as a means to an end in the commission of the crime, not merely that reckless conduct could result in injury." Id. at 469. Neither the IJ nor the BIA had the opportunity to determine whether the crime for which Rivas was convicted met this standard. Therefore, it is appropriate to remand to the BIA for consideration of that issue.

In essence, this court is unable to review Rivas's petition at this point because the BIA has given us nothing to review. "It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). While the BIA may of course issue summary decisions, see Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 281-82 (4th Cir. 2004), in light of the foregoing circumstances and issues requiring resolution, this court needs more in this case than the BIA has provided. Accordingly, it is the BIA, not this court, that should have the first opportunity to "bring its expertise to bear upon the matter": "it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." Ventura, 537 U.S. at 17.

For the foregoing reasons, we remand for further proceedings consistent with this opinion.

REMANDED