MEMORANDUM **
Rafael Balderas, a citizen of Mexico, appeals his jury conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
We affirm the district court’s decision to deny the motion to dismiss § 1326 indictment. The Immigration Judge failed to make a voluntariness determination, as required by 8 C.F.R. § 1003.25(b). However, assuming that this error violated Balderas’ due process rights, Balderas failed to show any prejudice, because he has no plausible grounds for relief. See U.S. v. Bahena-Cardenas, 411 F.3d 1067, 1077 (9th Cir.2005); U.S. v. Ubaldo-Figueroa, 364 F.3d 1042, 1052 (9th Cir.2004). Balderas’ 2006 stipulated removal was based on his 2006 entry without inspection, not the 1997 deportation after his conviction for an aggravated felony. See Hernandez-Almanza v. U.S., 547 F.2d 100, 102 (9th Cir.1976) (validity of a removal for entry without inspection is not affected by the legality of a prior exclusion). As a result, Balderas was legally deportable in 2006, despite any error in the 1997 proceeding, and the stipulated removal proceeding could not have produced a different result. See United States v. Galicia-Gonzalez, 997 F.2d 602, 603 (9th Cir.1993) (per curiam).
We review de novo whether the government’s questioning constituted a custodial interrogation for Miranda purposes. We review for clear error the district court’s underlying findings of fact. U.S. v. Chen, 439 F.3d 1037, 1040 (9th Cir.2006). We affirm the district court’s denial of Balderas’ motion to suppress statements contained in the Stipulated Waiver. Assuming without deciding that a Miranda violation occurred when the district court faded to suppress certain admissions contained in the Stipulated Waiver, any such error would have been harmless. The government introduced other evidence at trial-including other statements made by Balderas-to prove Balder-as’ alienage and deportation status.
*57 We review a district court’s formulation of jury instructions for an abuse of discretion. U.S. v. de Cruz, 82 F.3d 856, 864 (9th Cir.1996). The district court did not abuse its discretion, because the jury instructions as a whole were not misleading or inadequate to guide the jury’s deliberation. Id. The jury instructions were sufficient to cover the deportation element of § 1326.
The district court did not err in increasing Balderas’ offense level for his prior state law conviction, because a conviction for assault with a firearm under California Penal Code § 245(a)(2) is categorically a crime of violence under U.S.S.G. § 2L1.2 under both the “catchall” and “aggravated assault” provisions. See United States v. Diaz-Argueta, 447 F.3d 1167, 1170 (9th Cir.2006), overruled on other grounds by U.S. v. Snellenberger, 548 F.3d 699, 702 (9th Cir.2008). Cf. United States v. Sanchez-Ruedas, 452 F.3d 409, 413 (5th Cir.2006) (California assault is “sufficiently similar to the generic contemporary definition of aggravated assault to qualify categorically as an enumerated crime of violence”).
We find no reason to question the constitutionality of Almendarez-Torres. See United States v. Lopez-Torres, 443 F.3d 1182, 1184 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.